# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL GRIFFIN,

                Plaintiff,

v.

LAURIE BONDAR, CATHY COULSON, DENISE TUTTLE, and MATTHEW J. TORBENSON,

                Defendants.

Case No. 20-CV-380-JPS

**ORDER**

On March 9, 2020, Gabriel Griffin, a prodigious litigant proceeding *pro se* once again, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights when his term of extended supervision was revoked in Wisconsin state court proceedings. (Docket #1). This case comes before the Court on Plaintiff's motion for leave to proceed in forma pauperis. (Docket #2). Plaintiff has been assessed, and paid, a $33.40 filing fee.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

When considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

Page 2 of 8
Case 2:20-cv-00380-JPS   Filed 06/30/20   Page 2 of 8   Document 8

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

There are limits to who can be held liable for a constitutional violation under Section 1983, however. It is well settled that judges are absolutely immune from civil liability for actions taken in the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). In some cases, this immunity extends beyond the judiciary. "Absolute immunity for acts by nonjudicial government officers is determined on the basis of 'a functional approach.'" *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (quoting *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996)). For example, prosecutors enjoy absolute immunity from suit for any conduct taken in the course of initiating or pursuing a criminal prosecution because such conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Similarly, "parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'" *Dawson*, 419 F.3d at 662 (quoting *Wilson*, 86 F.3d at 1444). "These include, for example, acts associated with the decision to grant, revoke, or deny parole, or the signing of an arrest warrant." *Id.*

Plaintiff's allegations benefit from some context, which his exhibits somewhat provide. Plaintiff was originally charged and convicted in state court of two misdemeanors. The trial court imposed a bifurcated sentence, which consisted of incarceration and extended supervision. Plaintiff appealed, and the Wisconsin Court of Appeals remanded Plaintiff's case for resentencing consistent with its interpretation of the bifurcation statute as it applied to misdemeanors. *State v. Griffin*, 2013 WL 3884146, at *6–8 (Wis. Ct. App. Jul. 30, 2013) (determining that a lower sentence would apply). However, the court of appeals did not vacate the original sentence. *Id.* The case was unpublished, and was one of several inconsistent decisions on this issue.

On February 26, 2014, the Wisconsin Court of Appeals published an opinion that made clear its position on bifurcated sentences for misdemeanors. *State v. Lasanske*, 844 N.W.2d 417, 418 (Wis. Ct. App. 2014). *Lasanske* upheld the method by which Plaintiff was originally sentenced. Accordingly, when Plaintiff appeared for resentencing on July 19, 2014, the trial court re-instated his original sentence. It is unclear from the state court docket whether Plaintiff appealed this decision. *See* Wisconsin Circuit Court Access, 2011CF1746 *available at* https://wcca.wicourts.gov (noting postconviction discovery motions and appeals, but not explaining the substance of either). The Court's independent research does not indicate whether the Wisconsin Court of Appeals took up the issue again. Plaintiff has, however, filed several habeas petitions challenging the sentence. *See* Case No. 13-CV-616-WEC (Docket #17) (dismissed without prejudice for procedural default); Case No. 15-CV-323-WCG (Docket #7) (dismissed for failure to state a claim); Case No. 17-CV-697-JPS (Docket #5) (dismissed for failure to obtain permission from court of appeals for successive habeas petition).

Page 4 of 8
Case 2:20-cv-00380-JPS   Filed 06/30/20   Page 4 of 8   Document 8

In any case, in 2015, Plaintiff faced revocation of his term of extended supervision, which he was still serving pursuant to the trial court's decision to uphold his original sentence. Plaintiff argued that the Wisconsin Division of Hearings and Appeals lacked authority to revoke his term of extended supervision because Plaintiff had never been re-sentenced pursuant to the Court of Appeals' July 30, 2013 mandate. (Docket #1-8 at 2). The administrate law judge dismissed this concern by noting that it "lack[ed] the authority to void a facially valid order of the circuit court," and therefore was "unable to address the merits of the jurisdictional argument." *Id.* Whether that was the correct conclusion—and indeed, whether Plaintiff's sentence was proper at all—is a matter fully within the purview of the state court. It is not clear whether Plaintiff has appealed these decisions, but it is certain that he has not been successful in filing habeas petitions based on these decisions. Against that backdrop, the Court turns to the facts of this case.

Plaintiff brings suit against two parole agents, Laurie Bondar ("Bondar") and Denise Tuttle ("Tuttle"), as well as prosecutor Matthew J. Torbenson ("Torbenson"). Plaintiff claims that Bondar improperly revoked his parole after his term of extended supervision had expired. Similarly, he claims that Tuttle improperly ignored his request to recalculate his sentence, which resulted in his continued imprisonment. Finally, he argues that Torbenson improperly sought to impose the original sentence on Plaintiff without petitioning the Wisconsin Supreme Court to overturn the order from July 30, 2013. *See* (Docket #1-5 at 2–3) (transcript of resentencing, in which Torbenson and trial judge discuss the effect of *Lasanske* on Plaintiff's sentence and agree that it affirms the original sentence). These decisions to revoke, deny, and instate a sentence are "sufficiently

Page 5 of 8
Case 2:20-cv-00380-JPS    Filed 06/30/20    Page 5 of 8    Document 8

adjudicative" in nature such that they are protected by prosecutorial immunity. *Dawson*, 419 F.3d at 662.

Plaintiffs allegations against Cathy Coulson ("Coulson") also fail to state a claim. He alleges that she visited him while he was incarcerated in order to ask him questions regarding a sexual assault complaint. Coulson's line of questioning was repetitive and, accordingly to Plaintiff's complaint, inappropriately accusatory. He walked out of the interview, which had detrimental results for Plaintiff's subsequent revocation proceedings. Plaintiff suggests that this violated his Fifth Amendment privilege against self-incrimination.

The privilege against self-incrimination is "deemed waived unless invoked." *Rogers v. United States*, 340 U.S. 367, 370 (1951) (citations and quotations omitted). Plaintiff does not allege that he invoked the privilege and then was improperly questioned, anyway—nor does he allege that he made incriminating statements. Rather, he alleges that he answered the questions, and then became upset and uncooperative when they were repeated. Although it is not clear what stage in the criminal process this sexual harassment investigation occurred, the Court also notes that Plaintiff has not alleged a violation of his right to counsel, which requires an accused to intelligently and voluntarily waive the right and mandates that interviews cease when the right is invoked. *See Patterson v. Illinois*, 487 U.S. 286, 289–90 (1988) (discussing Sixth Amendment right to counsel in post-indictment interviews); *Edwards v. Arizona*, 451 U.S. 477, 482–83 (1981) (discussing Fifth Amendment right to counsel in post-arrest interviews). Although Plaintiff may have found the interview inappropriate without counsel present, Plaintiff does not allege that he invoked his right to counsel and the questions proceeded anyway. Moreover, his willingness to answer

the questions in the first instance suggests a knowing and voluntary waiver of the right to counsel.

For the foregoing reasons, the complaint must be dismissed. This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. The Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline, either. *See* Fed. R. Civ. P. 6(b)(2). Plaintiff will be expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $300.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge